UNITED STATE BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>KIMBERLY DIONNE MOORE,<br><br>    Debtor.<br>_____<br><br>KIMBERLY DIONNE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM W. GILLESPIE, JR. and JIMMIE C. GILLESPIE,<br><br>    Defendants.<br>_____ | Bankruptcy Case No. 20-30376<br><br>Chapter 13<br><br><br>Adversary No. 23-_____<br><br><br><br>**COMPLAINT TO STRIP LIEN** |

Now into Court comes Kimberly Dionne Moore ("Plaintiff") and, pursuant to 11 U.S.C. § 506(d), complains against William W. Gillespie, Jr. and Jimmie C. Gillespie (together, the "Gillespies"), as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a natural person and the debtor in the above-captioned Chapter 13 case, which was filed in this Court on March 31, 2020.

2. On information and belief, the Gillespies are individual residents and citizens of Gaston County, North Carolina.

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B), (K) and (O).  This is a core proceeding.

## FACTS AND CLAIM FOR RELIEF

4. Plaintiff owns the real property located at 1918 W 5th Ave., Gastonia, NC 28052 (the "Real Property").

5. The Real Property is subject to a first lien Deed of Trust (the "First DOT") executed on August 23, 2005, and recorded with the Mecklenburg County Register of Deeds on August 25, 2005, in Book 4153, Page 1838-1857. The First DOT secures a note from Plaintiff serviced by PHH Mortgage Services, for an original indebtedness of $74,715.00.

6. On August 25, 2005, Plaintiff executed a Subordinate Deed of Trust (the "Second DOT") that secures a note in favor of the Gillespies, for an original indebtedness of $13,185.00. The Second DOT was recorded with the Gaston County Register of Deeds on August 25, 2005, in Book 4153, Page 1858-1862. The balance on the note secured by the Second DOT as of the petition date was and is unknown.

7. In her Chapter 13 schedules and plan, Plaintiff valued the Real Property at $104,990.00.

8. The balance on the note secured by the First DOT as of the petition date was $120,525.28.

9. The balance on the note secured by the Second DOT as of the petition date was and is unknown.

10. The plan provides for the avoidance of the Gillespies' lien due to a lack of equity.

11. The Gillespies were served with a copy of Plaintiff's plan.

12. The plan was confirmed, without objection, on June 5, 2020.

13. For lien stripping purposes, property value is determined as of the petition date.

14. The First DOT constitutes a validly perfected security interest in the Real Property.

15. The Second DOT is junior to the First DOT, and there is no equity in the Real Property upon which the Second DOT is attached.

16. Accordingly, the Gillespies' lien is due to be declared to be of no value and stripped from the Real Property.

WHEREFORE, Plaintiff respectfully prays:

A. That the Second DOT of the Gillespies be deemed to be of no value and be stripped from the Real Property;

B. That the Gillespies be ordered to file with the Gaston County Register of Deeds a cancellation or satisfaction of the Second DOT within 30 days of the Plaintiff's receipt of a discharge in the pending bankruptcy case;

C. That, pursuant to Rule 7070 of the Federal Rules of Bankruptcy Procedure, the Court appoint Plaintiff's counsel to file with the Gaston County Register of Deeds a cancellation or satisfaction of the Second DOT in the event the Gillespies fail to do so; and

D. For such other and further relief as is just and proper.

    /s/ Rashad Blossom
Rashad Blossom (State Bar No. 45621)
Blossom Law PLLC
301 S. McDowell St.
Suite 1103
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952

Attorney for Plaintiff

3