IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case No. 20-30376 |
| KIMBERLY DIONNE MOORE, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| KIMBERLY DIONNE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 23-03016 |
| v. ) | |
| ) | |
| WILLIAM W. GILLESPIE, JR. and ) | |
| JIMMIE C. GILLESPIE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO COMPLAINT TO STRIP LIEN**

NOW COMES William W. Gillespie, Jr. and Jimmie C. Gillespie (collectively, "Defendants"), by and through undersigned counsel and hereby respond to the allegations of the Complaint to Strip Lien as follows:

**FIRST DEFENSE**

Plaintiff scheduled the Real Property at assessed tax value rather than fair market value as of the date of filing. Lien stripping is only available to Debtors on a principal residence if the first mortgage balance equals or exceeds the value of the residence. Defendants hereby request the Debtor petition the Court to value the collateral securing the lien held by Defendants as of the petition date or provide documentation supporting the value as scheduled.

**SECOND DEFENSE**

Plaintiff has made no payments to the Chapter 13 Trustee since May of 2023. The Trustee currently has a pending Motion to Dismiss or Modify Plan with a hearing scheduled for August 23, 2023.

**THIRD DEFENSE**

Defendants were not properly noticed or served with a copy of the Notice of Bankruptcy Case Filing or Chapter 13 Plan. Defendants were notified of the bankruptcy only when the Plaintiff was attempting to list the Real Property for sale earlier this year.

## RESERVATION OF DEFENSES

Defendants expressly reserve any additional and further defenses as may be revealed throughout the course of discovery in this matter or upon receipt of additional information.

## ANSWER TO COMPLAINT

Defendants hereby respond to the numbered allegations of the Complaint to Strip Lien as follows:

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted upon information and belief.

6. With regard to the allegations of paragraph 6, it is admitted that Defendants hold a Deed of Trust in the original indebtedness of $13,185.00 and that the Deed of Trust was properly recorded with the Gaston County Register of Deeds on August 25, 2005, in Book 4153, Page 1858-1862. To date, Plaintiff has made no payments to Defendants for the balance owed on the Deed of Trust.  Except as expressly admitted, the remaining allegations of paragraph 6 are denied for lack of sufficient knowledge or information.

7. The allegations of paragraph 7 are admitted. Further, Plaintiff valued the Real Property at the assessed tax value rather than the fair market value as of the date of filing. Defendants believe that the Real Property was worth substantially more than as scheduled as of the date of filing.

8. The allegations of paragraph 8 are admitted upon information and belief.

9. The allegations of paragraph 9 are denied.

10. With regard to the allegations of paragraph 10, it is admitted that the plan provides for the avoidance of Defendants' lien due to a lack of equity. However, Plaintiff valued the collateral which secures the loan at the assessed tax value rather than the fair market value. Except as expressly admitted the remaining allegations in paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are admitted upon information and belief.

13. The allegations of paragraph 13 are admitted.

14. Defendants are without sufficient knowledge or information to form a belief as to the allegations of paragraph 14.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

WHEREFORE, having fully responded to the allegations of the Complaint, Defendants hereby respectfully pray the Court as follows:

1. That Plaintiff be required to provide evidence of the fair market value of the Real Property located as 1918 W. 5th Avenue, Gastonia, North Carolina 28052 as of the date of the petition;

2. That Plaintiff be required to modify her Chapter 13 plan to include the claim of Defendants;

3. Alternatively, that Defendants retain their secured lien until the Debtor has satisfactorily completed all payments in her Chapter 13 plan, final discharge order has been entered by the Court and the time to appeal the discharge has expired.

This the 14th day of August, 2023.

**CORDES LAW, PLLC**

/s/ Stacy C. Cordes
Stacy C. Cordes
Cordes Law, PLLC
1800 East Boulevard
Charlotte, North Carolina 28203
Tel: 704-332-3565
Fax: 704-332-3324
E-mail: stacy@cordes-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of August, 2023, I electronically filed Defendants' Answer to Complaint to Strip Lien with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

U.S. Bankruptcy Administrator

Rashad Blossom
Counsel for the Debtor

Jenny P. Holman
Chapter 13 Trustee

                                                  **CORDES LAW, PLLC**

                                                  /s/ Stacy C. Cordes
                                                  Stacy C. Cordes
                                                  Cordes Law, PLLC
                                                  1800 East Boulevard
                                                  Charlotte, North Carolina 28203
                                                  Tel: 704-332-3565
                                                  Fax: 704-332-3324
                                                  E-mail: stacy@cordes-law.com